## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| Retirement Corporation of America, Inc. | ) ) | Case No.: 16-cv-943 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| Voya Financial, Inc., Voya Investment Management, LLC , and Voya Services Company | ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) | |

Plaintiff, Retirement Corporation of America, Inc. ("RCA"), by and through its attorneys, for its complaint against defendants Voya Financial, Inc. ("Voya Financial"), Voya Investment Management, LLC  ("Voya Management"), and Voya Services Company ("Voya Services") (collectively, "Voya"), alleges as follows:

### Nature of the Action

1.      In this action, RCA seeks injunctive and monetary relief for acts of trademark infringement under the laws of the United States, Title 15, United States Code (hereinafter the "Lanham Act").

### Parties, Jurisdiction and Venue

2.      RCA is a corporation organized and existing under the laws of Ohio with its principal place of business at 11500 Northlake Drive, Cincinnati, Ohio 45249.

3.      Tracing its roots back to an advisory firm founded by Dan Kiley and his father, Tom Kiley, in 1984, RCA is a Registered Investment Adviser (RIA) focused on helping people "retire

right." With over 25 years of experience working with retirees, RCA is proud to service clients throughout the nation as a "Retirement Specialist."

4.      Since September 6, 2001, RCA has been using the trademark RETIREMENT UNIVERSITY to offer educational services in the field of financial planning and investment planning and management, including since 2006 via the website www.retirementuniversity.com, and has owned federal registrations for the mark since 2006.

5.      Upon information and belief, Voya Financial, Inc. is a publicly owned Delaware corporation based at 230 Park Avenue, New York, NY 10169, doing business through its direct and indirect subsidiaries under the name "Voya." Those subsidiaries include Voya Investment Management, LLC, a Delaware limited liability company based at 230 Park Avenue, New York, NY 10169 and Voya Services Company, a Delaware corporation based at 5780 Powers Ferry Road, NW, Atlanta, GA 30327.

6.      Upon information and belief, Voya Investment Management, LLC is tasked with operating Voya's investment management business. Voya Investment Management, LLC is registered to do business in Ohio.

7.      Upon information and belief, Voya Services Company is tasked with, among other things, filing for and maintaining trademark registrations used by Voya in its daily business. Voya Services Company is registered to do business in Ohio.

8.      Voya deliberately seeks to harness the power of its ongoing businesses collectively as "One Voya" in order to be more efficient, save costs, and enable it to better serve and engage with its customers.

9.      Voya is a behemoth in the financial services industry, and has announced that "[o]ur vision is to be America's Retirement Company™."

10.     Upon information and belief, exactly fifteen years after RCA first began use of its RETIREMENT UNIVERSITY mark, on September 6, 2016, Voya began a massive public relations blitz to announce its offering of educational services in the field of financial planning and investment planning and management using the trademarks RETIREMENT UNIVERSITY, RETIREMENT UNIVERSITY FOR ADVISORS, and RETIREMENT U (the "Infringing Marks"), including via its website at https://retirementu.voya.com/, via direct emails to potential customers, and via telephone calls with potential customers. Upon information and belief, Voya's purpose in using the Infringing Marks with its educational services is to increase sales of its other VOYA-branded goods and services. A true and correct copy of Voya's September 6, 2016 press release announcing the launch is attached hereto as Exhibit A. A true and correct copy of Voya's website featuring the Infringing Marks is attached hereto as Exhibit B.

11.     Upon information and belief, Voya maintains offices in Ohio, including in this District, for the purpose of targeting sales of its products and services to Ohio residents.

12.     Upon information and belief, Voya regularly does or solicits business in Ohio, including offering financial portfolio management, financial planning, investment consultation and investment services to Ohio residents through a broad group of financial intermediaries, independent producers, affiliated advisors and dedicated sales specialists.

13.     Upon information and belief, Voya's launch of its services using the Infringing Marks included emails targeted to potentially hundreds of financial consultants in Ohio, including Dan Kiley, as shown in Exhibit C hereto, which is a true and correct copy of a targeted email directed to Dan Kiley.

14.     By presenting itself as "One Voya," Voya Financial, Inc., Voya Investment Management, LLC, and Voya Services Company each directly benefit from the infringing acts complained of here.

15.     Upon information and belief, Voya Financial, Inc. possesses the right and ability to control its subsidiaries' use of the Infringing Marks, has actual knowledge of its subsidiaries' infringement, and benefits from their continued infringement.

16.     Upon information and belief, each named Voya entity was aware of, or should have been aware of, the infringement complained of herein.

17.     Upon information and belief, each named Voya entity engaged in the acts described herein at the direction of and/or for the benefit of the others such that the named entities were acting jointly and severally.

18.     Voya was put on notice at least as early as June 11, 2016, that the Infringing Marks created a likelihood of confusion with RCA's RETIREMENT UNIVERSITY Marks.

19.     Upon receipt of Exhibit C, RCA promptly sent a letter to Voya on September 16, 2016, informing Voya that its use of the Infringing Marks was creating a likelihood of confusion and causing damage to RCA.

20.     Upon information and belief, Voya knew that its use of the Infringing Marks was causing damage to RCA in Cincinnati, Ohio.

21.     Voya has refused to cease its use of the Infringing Marks.

22.     Jurisdiction over this suit arises under Section 39(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1121(a) and the Judicial Code, 28 U.S.C. §§1331, 1338(a), 1338(b) and 1367.

23.     Upon information and belief, Voya is amenable to the personal jurisdiction of this Court because it regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; and the causes of action alleged herein arise from Voya's, directly or through its agent(s), transacting business in this state, causing tortious injury by acts or omissions in this state, and/or causing tortious injury in this state by an act or omission outside this state.

24.     Upon information and belief, Voya purposefully avails itself of the privilege of doing business in Ohio, including but not limited to, by soliciting business in Ohio, by advertising or promoting its services (including using the Infringing Marks) to residents of Ohio, and by providing services (including using the Infringing Marks) in Ohio to Ohio residents.

25.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)) because, upon information and belief, the infringement and other acts complained of herein occurred within this District, the harm is suffered by RCA in this District, and Voya is subject to personal jurisdiction in this District.

**The RETIREMENT UNIVERSITY Marks**

26.     RCA secured trademark rights to the RETIREMENT UNIVERSITY mark through its exclusive and continuous use of the term for over fifteen years, and registered the RETIREMENT UNIVERSITY and Design mark, shown below, with the U.S. Patent and Trademark Office ("USPTO") in 2006.



27.     RCA owns U.S. Reg. No. 3,079,098 for RETIREMENT UNIVERSITY and Design, covering "educational services, namely, conducting classes, training, seminars, workshops, conferences and courses in the field of financial planning and investment planning and management and distributing course materials in connection therewith" in International Class 41. The mark was registered on April 11, 2006 and was first used in commerce on September 6, 2001.  A true and correct copy of the registration certificate is attached as Exhibit D hereto. The registration is valid, in use, enforceable, and incontestable.

28.     RCA owns U.S. Reg. No. 3,181,740 for RETIREMENT UNIVERSITY and Design, covering "financial portfolio management, financial planning, investment consultation and investment services, namely, investment advice, brokerage, management and consultation; mutual fund brokerage and investments" in International Class 36. The mark was registered on December 5, 2006 and was first used in commerce on April 11, 2006. A true and correct copy of the registration certificate is attached as Exhibit E hereto. The registration is valid, in use, enforceable, and incontestable.

29.     The registrations are prima facie evidence of RCA's exclusive right to use the RETIREMENT UNIVERSITY Marks in connection with the services specified in the registrations under the provisions of 15 U.S.C. §1057(b) and constructive notice of RCA's claim of ownership under 15 U.S.C. §1072. The registrations are incontestable, and those registrations constitute conclusive evidence of RCA's exclusive rights pursuant to 15 U.S.C. §1115(b). The service marks referred to in this paragraph, RCA's registrations for RETIREMENT UNIVERSITY and Design mark and its common law rights to the RETIREMENT UNIVERSITY mark, hereinafter are collectively referred to as the "RETIREMENT UNIVERSITY Marks" unless otherwise specified.

30. RCA, since at least as early as 2001, has been using, and to this day continues to use, throughout the United States, the distinctive RETIREMENT UNIVERSITY Marks to distinguish RCA's products and services from those promoted, distributed, offered, and sold by others.

31. RCA offers a broad spectrum of services under the RETIREMENT UNIVERSITY Marks.

32. RCA has, long before Voya began use of the Infringing Marks, adopted and spent, and continues to spend, significant amounts of money in the promotion and advertisement of its services identified and distinguished by the RETIREMENT UNIVERSITY Marks. Moreover, based upon RCA's many decades of use, RCA has enjoyed substantial market exposure and sales connected to its RETIREMENT UNIVERSITY Marks, and consumers and the trade have come to recognize and associate this mark exclusively with RCA.

33. Over the last fifteen years, and before Voya adopted its Infringing Marks, RCA has invested a substantial amount of money in marketing its services using the RETIREMENT UNIVERSITY Marks.

34. By reason of RCA's aforesaid registrations and its promotion and advertising, and the high quality of RCA's services, RCA has acquired valid and enforceable trademark rights in the RETIREMENT UNIVERSITY Marks, and these marks have come to represent an extremely valuable goodwill owned by RCA. Such use and goodwill pre-dates any use by Voya of the Infringing Marks.

35. RCA's rights in its marks are founded upon its continuous, extensive, and exclusive use of the RETIREMENT UNIVERSITY Marks since at least as early as 2001, when RCA first began offering services under the RETIREMENT UNIVERSITY mark.

36.     RCA's Marks uniquely serve to identify the source and origin of products and services that are associated with the marks and serve to distinguish RCA's products and services from those promoted, distributed, offered, and sold by others.

**Voya's Infringement**

37.     On information and belief, Voya has been using the Infringing Marks in commerce since in or about May 1, 2016.

38.     On or about March 16, 2016, Voya Services Company filed U.S. Application Serial No. 86/942,202 for RETIREMENT UNIVERSITY FOR ADVISORS in International Class 41 in connection with "Education services, namely, providing live and on-line seminars, classes, workshops and conferences in the field of retirement and financial planning and distribution of training material in connection therewith; educational services, namely, providing live and on-line seminars, classes, workshops and conferences for financial advisors to educate them to evaluate actively-managed funds and fund managers and identify those with historically consistent and sustained performance characteristics over time."

39.     On June 11, 2016, the USPTO issued a rejection of Voya's trademark application, notifying Voya that:

> The examining attorney refuses registration of the mark RETIREMENT UNIVERSITY FOR ADVISORS on the grounds that it will cause a likelihood of confusion with the registered RETIREMENT UNIVERSITY marks because a significant portion of the applicant's proposed mark has an identical sound, appearance, and meaning as that of the registered mark.

40.     The RETIREMENT UNIVERSITY Marks and the Infringing Marks contain the identical and dominant "RETIREMENT UNIVERSITY" component, with some of Voya's Infringing Marks also containing the descriptive term "for Advisors" or the abbreviation "U" instead of "University."

41.     Some or all of the services offered by Voya under the Infringing Marks would be included under, related to, or would be a natural and foreseeable expansion of, services offered by RCA in association with its RETIREMENT UNIVERSITY Marks and registered in association with RCA's RETIREMENT UNIVERSITY Marks, and therefore are confusingly similar or identical.

42.     On information and belief, Voya adopted the Infringing Marks with full knowledge of RCA's registration and use of the RETIREMENT UNIVERSITY Marks.

43.     Upon information and belief, Voya's services under the Infringing Marks are marketed, promoted, and offered through the same or similar marketing channels as are the services marketed and provided by RCA under its RETIREMENT UNIVERSITY Marks.

44.     Upon information and belief, Voya's Infringing Marks and associated services are marketed, promoted, and offered to the same or similar class of consumers targeted by RCA's RETIREMENT UNIVERSITY Marks and associated services.

45.     Voya's use and continued use of the Infringing Marks has and is likely to continue to cause confusion or mistake, or deceive consumers erroneously into the belief that Voya's services are authorized or sponsored by RCA, or otherwise connected with the business of RCA, or that RCA's services are authorized or sponsored by Voya, or otherwise connected with the business of Voya.

46.     Voya's use and continued use of the Infringing Marks would allow Voya to reap the reputation-related reward associated with RCA's services and misappropriate goodwill to Voya that RCA has established. Voya's use and continued use of the Infringing Marks has and will continue to cause, dilution of RCA's rights in its marks and of the distinctive qualities of such marks, causing RCA to suffer loss of goodwill and harm to the reputation of its marks.

47.     As a result of Voya's activities described herein, RCA has been, and will continue to be injured in the provision, sale, and distribution of its services, and in the conduct of its business.

## COUNT ONE

### Federal Trademark Infringement [15 U.S.C. §1114]

48.     RCA reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

49.     This claim arises under the Lanham Act, particularly under 15 U.S.C. §1114.

50.      Voya's unauthorized use of the identical or substantially similar trademarks, RETIREMENT UNIVERSITY, RETIREMENT UNIVERSITY FOR ADVISORS, and RETIREMENT U for the same or similar services as those offered by RCA constitutes infringement of RCA's RCA marks, as set forth in Exhibit B hereto.

51.      Voya's actions constitute false designation of origin or sponsorship of its products and tends falsely to represent that Voya's services originate from RCA or that Voya's services and/or Voya has been sponsored, approved, or licensed by RCA or is in some way affiliated or connected with RCA, or that RCA's services originate from Voya or that RCA's services and/or RCA have been sponsored, approved, or licensed by Voya or is in some way affiliated or connected with Voya.

52.     Such conduct by Voya is likely to confuse, mislead and deceive customers, purchasers, and members of the public as to the origin of Voya's and/or RCA's services or cause said persons to believe that those products, RCA and/or Voya has been sponsored, approved, authorized, or licensed by the other or are in some way affiliated or connected, all in violation of 15 U.S.C. §1114.

53.     Upon information and belief, Voya's actions were done and continue to be done willfully, with full knowledge of RCA's exclusive rights in its federally registered trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

54.     As a result of Voya's infringement, RCA has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Voya, and will continue to do so unless Voya is preliminarily and permanently restrained and enjoined by the Court from further infringement of the RETIREMENT UNIVERSITY Marks.

55.     Upon information and belief, Voya has obtained gains, profits and/or advantages as a result of its infringing acts alleged herein.  RCA is presently unable to ascertain the full extent of Voya's ill-gotten gains, but is entitled to, at its election, disgorgement of Voya's profits, its own damages, costs, treble damages, and recovery of its reasonable attorneys' fees.

## COUNT TWO

### Federal Unfair Competition [15 U.S.C. §1125(a)]

56.     RCA reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

57.     This claim arises under the Lanham Act, particularly under 15 U.S.C. §1125(a).

58.     By virtue of RCA's longstanding and substantially exclusive use since 2001 of the RETIREMENT UNIVERSITY Marks, the RETIREMENT UNIVERSITY Marks have become distinctive of RCA's services.

59.      Voya's use of the Infringing Marks constitutes false designation of origin or sponsorship of its services and tends falsely to represent that Voya's services originate from RCA or that Voya's services and/or Voya has been sponsored, approved, or licensed by RCA or is in some way affiliated or connected with RCA, or that RCA's services originate from Voya or that

RCA's services and/or RCA have been sponsored, approved, or licensed by Voya or is in some way affiliated or connected with Voya.

60.     Such conduct by Voya is likely to confuse, mislead and deceive Voya's customers, purchasers, and members of the public as to the origin of Voya's and/or RCA's services or cause said persons to believe that those products, RCA and/or Voya has been sponsored, approved, authorized, or licensed by the other or are in some way affiliated or connected, all in violation of 15 U.S.C. §1125(a).

61.     Upon information and belief, Voya's actions were done and continue to be done willfully, with full knowledge of RCA's exclusive rights in its trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

62.     As a result of Voya's infringement, RCA has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Voya, and will continue to do so unless Voya is preliminarily and permanently restrained and enjoined by the Court from further infringement of the RETIREMENT UNIVERSITY Marks.

63.     Upon information and belief, Voya has obtained gains, profits and/or advantages as a result of its infringing acts alleged herein.  RCA is presently unable to ascertain the full extent of Voya's ill-gotten gains, but is entitled to, at its election, disgorgement of Voya's profits, its own damages, costs, treble damages, and recovery of its reasonable attorneys' fees.

        **WHEREFORE**, RCA requests that the Court:

1.  Award RCA disgorgement of Voya's profits and RCA's own damages and treble damages;

2.  Grant a preliminary and, upon a full hearing, a permanent injunction restraining and enjoining Voya and any and all principals, officers, agents, servants, employees, attorneys,

representatives, successors and assigns of NA, and all those in privity, concert or

participation with Voya and all those who receive actual notice of the order, from:

   A.  directly or indirectly infringing the RETIREMENT UNIVERSITY Marks in any

      manner, including generally, but not limited to, manufacturing, marketing,

      distributing, advertising, selling, and/or offering for sale and distribution any goods or

      services that infringe the RETIREMENT UNIVERSITY Marks, and specifically:

       i.  using the trademarks RETIREMENT UNIVERSITY, RETIREMENT

          UNIVERSITY FOR ADVISORS, and RETIREMENT U, or any other

          confusingly similar variant of "RETIREMENT UNIVERSITY," in connection

          with the marketing, distribution, advertising, sale, and/or offering for sale, of

          educational services in the field of financial planning and investment planning

          and management;

      ii.  applying the trademarks RETIREMENT UNIVERSITY, RETIREMENT

          UNIVERSITY FOR ADVISORS, and RETIREMENT U, or any other

          confusingly similar variant of "RETIREMENT UNIVERSITY," to any label,

          sign, print, package, wrapper, receptacle, website, caller ID, or advertisement

          used in connection with the marketing, distribution, sale, and/or offering for sale,

          of educational services in the field of financial planning and investment planning

          and management;

   B.  using any trademark, trade name, trade dress, logo, design or domain name that tends

      falsely to represent that or is likely to confuse, mislead, or deceive purchasers, Voya's

      customers, or members of the public to the effect that goods or services marketed,

      distributed, advertised, sold and/or offered for sale by Voya originate from RCA or

that said services have been sponsored, approved, or licensed by or associated with RCA or are in some way connected or affiliated with RCA, or that the goods or services marketed, distributed, advertised, sold and/or offered for sale by RCA originate from Voya or that said services have been sponsored, approved, or licensed by or associated with Voya or are in some way connected or affiliated with Voya;

C.  engaging in any conduct that tends falsely to represent that; or is likely to confuse, mislead, or deceive purchasers, Voya's customers, and/or members of the public to the effect that the actions of Voya or Voya itself is sponsored, approved, or licensed by RCA, sponsors, approves, or licenses RCA, or is in some way connected or affiliated with RCA;

D.  affixing, applying, or annexing to or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words, domain names (including but not limited to http://retirementu.voya.com) or other symbols, tending to falsely describe or represent such goods or services as being those of RCA or otherwise affiliated with RCA;

E.  otherwise competing unfairly with RCA in any manner;

F.  destroying or otherwise disposing of any of the hereinabove mentioned marketing material, or any documents pertaining to them or their acquisition or to any sales or transfer thereof heretofore made; and

G.  assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (A) through (F) above.

3.      Find that Voya has infringed RCA's trademarks and trade dress in violation of federal law by the acts complained of herein.

4.   Find that Voya has infringed RCA's common law rights to the RETIREMENT UNIVERSITY Marks and competed unfairly in violation of federal law by the acts complained of herein.

5.   Find that Voya has utilized false designations of origin and/or false descriptions in violation of federal law by the acts complained of herein.

6.   Issue an order requiring Voya and any and all principals, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active privity or concert with Voya who receive actual notice of said order, to deliver to RCA for destruction all infringing goods and marketing materials in their possession or under their control which bear the infringing trademarks or any unauthorized simulations, copies or colorable imitations of the RETIREMENT UNIVERSITY Marks.

7.   Issue an order requiring Voya to issue written notices to all those previously offered and/or sold services under the Infringing Marks notifying them of the injunction.

8.   Require Voya to disseminate corrective advertising, at Voya's expense and subject to RCA's approval, that informs consumers, the trade and the public at large of Voya's unlawful conduct as complained of herein and of the judgment requiring Voya to cease such unlawful conduct, and/or require Voya to pay RCA's costs in producing and disseminating such corrective advertising.

9.   Direct Voya to file with this Court and serve on counsel for RCA, within thirty (30) days after entry of any injunction, a written report under oath setting forth in detail the manner in which Voya has complied with the foregoing paragraphs.

10. Award to RCA its attorneys' fees, due to the exceptional nature of this case, and all of RCA's costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a).

11. Grant to RCA such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and S.D. Ohio Civ. R. 38.1, RCA hereby demands a jury trial on all issues so triable.

Dated: September 21, 2016          Respectfully submitted,

*/s/ Christina J. Moser*
Christina J. Moser (0074817)
Email:   cmoser@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:   216.621.0200
Facsimile:    216.696.0740

Attorneys for Plaintiff
Retirement Corporation of America, Inc.